UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: VALERIANO DIVIACCHI | * * * * * * * * * * | Civil Action No. 1:16-mc-91020-IT |

MEMORANDUM & ORDER

March 9, 2023

TALWANI, D.J.

Valeriano Diviacchi moves for reinstatement to the bar of the District of Massachusetts. See Mot. for Reinstatement [Doc. No. 14]. For the following reasons, the motion is denied.

**I.   Background**

On November 2, 2016, the Massachusetts Supreme Judicial Court ("SJC") affirmed the order of a single justice of that court suspending Diviacchi from practicing law for 27 months beginning January 2, 2016, as recommended by the Massachusetts Board of Bar Overseers ("Board"). See In re Diviacchi, 475 Mass. 1013, 1021, 62 N.E.3d 38, 39–40, 46 (2016). On February 21, 2017, this court imposed reciprocal discipline under Local Rule 83.6.9. See Judgment [Doc. No. 13]. The court ordered that Diviacchi notify the court upon termination of the period of suspension ordered by the SJC in accordance with Local Rule 83.6.10, and that he may resume practice in this court upon a showing of good standing as an attorney before the SJC. See id. at 2.

On December 30, 2022, Diviacchi filed this Motion for Reinstatement seeking reinstatement to the practice of law in this court, or, in the alternative, a reinstatement hearing. See Mot. for Reinstatement 1–2 [Doc. No. 14].

**II.     Discussion**

Diviacchi asserts that he has satisfied the requirements for reinstatement because "the period of suspension has expired; and [he] has complied with all requirements of any order of suspension." See id. at 1 (citing L.R. 83.6.10(a)).

The court's order of suspension required "a showing [of] good standing as an attorney before the [SJC]" to resume practice. Judgment 2 [Doc. No. 13]. Diviacchi concedes that the SJC affirmed the denial of his reinstatement, and that he is still suspended in Massachusetts. See Mot. for Reinstatement 1, 7 [Doc. No. 14]; see also In re Valeriano Diviacchi, 491 Mass. 1003, 1005–08, 198 N.E.3d 458, 462–65 (2022) (affirming decision of a single justice of that court denying reinstatement, as recommended by the Board because "Diviacchi failed to carry his heavy burden to establish that he has redeemed himself and become a person proper to be held out by the court to the public as trustworthy," and because he had not undertaken formal continuing legal education) (internal quotations omitted); id. at 1004–05 (finding Diviacchi had not demonstrated his moral qualifications, his competency, or that his resumption of practice would not be detrimental to the integrity of the bar, as required for reinstatement under S.J.C. Rule 4.01, § 18(5)). Where Diviacchi has not shown that he is in good standing as an attorney before the SJC, he has not complied with all requirements of his suspension order and cannot be reinstated.

Diviacchi also contests the requirements of the court's Judgment [Doc. No. 13], arguing that the condition "that he may resume practice in this court upon a showing that he is in good standing as an attorney before the Supreme Judicial Court" is a "*de facto*" denial of restatement

and a *de facto* disbarment" where Diviacchi "refus[es] to admit guilt" for what he considers to be incorrect findings by the SJC. See Mot. for Reinstatement 1 [Doc. No. 14]. As an initial matter, this requirement does not impose an additional burden on Diviacchi where Local Rule 83.6.10(a)(2) concerning reinstatement requires compliance with "all requirements of any order of suspension," (emphasis added), and where the SJC has denied reinstatement.

To the extent that Diviacchi disagrees with the court's 2017 judgment, Diviacchi's challenge is also untimely. An appeal from a judgment or order of reciprocal discipline may be taken in accordance with the Federal Rules of Appellate Procedure, see L.R. 83.6.5(l)(1), 83.6.9(a), (c), which require that an attorney file a notice of appeal within 30 days of the entry of judgment, see Fed. R. App. P. 4(a)(1)(A); see also In re Bailey, 450 F.3d 71, 72–73 (1st Cir. 2006) (considering district court decision to disbar a final judgment and appellate review appropriate). Here, more than 30 days have passed since this court entered final judgment in February 2017. See L.R. 83.6.5(i)(8) ("Any order imposing attorney discipline shall be entered as a final judgment under Fed. R. Civ. P. 54."). To the extent that Diviacchi seeks to appeal the court's Judgment [Doc. No. 13], he has failed to timely file a notice of appeal.

The court notes further that Diviacchi is not currently eligible for admission to the bar of this district where he is not a member of the bar in good standing in Massachusetts. See L. R. 83.5.1(a)(1) ("An attorney is eligible for admission to the bar of this district if the attorney . . . is a member of the bar in good standing in Massachusetts[.]"); see also L.R. 83.5.3(b)(1) (barring limited situations not applicable here, "no attorney may appear and practice if he or she . . . is not a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice."); see also In re Sheridan, 2013 WL 6839109, at *3 (D. Mass. Dec. 24, 2013) (explaining local rules require good standing before the SJC).

Finally, the court concludes that oral argument will not assist the court in resolving this matter and declines Diviacchi's alternative request for a hearing.

### III. Conclusion

For the foregoing reasons, Diviacchi's <u>Motion for Reinstatement</u> [Doc. No. 14] is DENIED.

IT IS SO ORDERED

March 9, 2023                                          /s/ Indira Talwani
                                                       United States District Judge