# United States Court of Appeals
## For the First Circuit

No. 23-1234

IN RE: VALERIANO DIVIACCHI,

Respondent - Appellant.

Before

Barron, <u>Chief Judge</u>,
Howard and Rikelman, <u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: January 8, 2024

    Appellant Valeriano Diviacchi appeals from the decision of the district court denying his motion for reinstatement to practice before that court following a suspension reciprocal to one imposed by the Massachusetts Supreme Judicial Court ("SJC"). "[T]he district court is vested with the power and responsibility of supervising the professional conduct of attorneys appearing before it." <u>Kevlik</u> v. <u>Goldstein</u>, 724 F.2d 844, 847 (1st Cir. 1984). This court generally reviews a district court's handling of disciplinary matters under the deferential abuse of discretion standard. <u>See</u> <u>In re Oliveras Lopez De Victoria</u>, 561 F.3d 1, 4 (1st Cir. 2009) (per curiam) (reviewing for abuse of discretion district court's imposition of reciprocal suspension); <u>In re Zeno</u>, 504 F.3d 64, 66 (1st Cir. 2007) (per curiam) (reviewing for abuse of discretion district court order temporarily suspending attorney from practice before district court).

    Appellant acknowledges that a provision of the district court's original order of suspension conditioned reinstatement in the District of Massachusetts on being returned to good standing by the SJC, and he acknowledges that that condition has not been met. We see no abuse of discretion or other error in the district court's conclusion that reinstatement was not warranted in light of the foregoing. We further discern no abuse of discretion as to the district court's implicit rejection of appellant's claims that the state discipline and reinstatement proceedings were so deeply flawed as to excuse appellant from the requirement that he be reinstated by the SJC.

    The judgment of the district court is **<u>affirmed</u>**.

By the Court:

Maria R. Hamilton, Clerk

cc:    Robert M. Farrell, Valeriano Diviacchi